IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT CHRISTIANSEN,

                       Petitioner,

   v.                                                   OPINION and ORDER

WARDEN G. ROSENBERG,                    24-cv-64-jdp

                       Respondent.

---

Robert Christiansen, without counsel, is a prisoner in the custody of the Federal Bureau of Prisons currently housed at the Federal Correctional Institution in Oxford, Wisconsin. Christiansen was convicted of attempted enticement of a minor to engage in illegal sexual acts and transportation of a minor with intent to engage in criminal sexual activity. *See United States v. Christiansen*, No. 3:17-CR-00677 (D.S.C.). He seeks a writ of habeas corpus under 28 U.S.C. § 2241, but his petition does not comply with habeas pleading rules, so I will give him a chance to file an amended petition.

Christiansen's original petition, Dkt. 1, appeared to be missing its fourth page. After the clerk of court informed Christiansen of this, he submitted an amended petition including the fourth page but missing its third page. I will consider the petitions together and review them under Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. I must also review his petitions for compliance with Rule 2(c), which requires the petitioner to "specify all the grounds for relief" and "state the facts supporting each ground." This means that the petitioner must provide enough facts to cross

"some threshold of plausibility" before the state will be required to answer. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996).

Christiansen's petitions do not comply with Rule 2(c). Even taking his original and amended petitions together, it is unclear what Christiansen believes to be the basis for habeas relief. Christiansen pleaded guilty to attempted enticement of a minor to engage in illegal sexual acts and transportation of a minor with intent to engage in criminal sexual activity. In his petition, he states that "no law was broken," Dkt. 1 at 3, which is far too vague of a statement of his grounds for release. In particular, Christiansen doesn't explain why he pleaded guilty if he broke no laws, and what errors of the court or his counsel in his criminal proceedings contributed to that decision.

Another major problem for Christiansen is that he seems to be challenging the validity of his underlying conviction. Section 2241 relief is generally limited to issues regarding the execution of a sentence—for example, parole administration, good-time credits, prison transfers, and the like. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Ordinarily the way a prisoner challenges the validity of his conviction is with a motion under 28 U.S.C. § 2255 in the sentencing court. In rare cases, a prisoner can challenge his conviction or sentence with a § 2241 petition, instead of a § 2255 petition, through the so-called "savings clause" contained in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255(e). But the circumstances in which the saving clause applies are narrow and "cover[] unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court" in a § 2255 motion. *Jones v. Hendrix*, 599 U.S. 465, 474 (2023) (giving examples such as the dissolution of the sentencing court). Christiansen does not explain why he couldn't have raised his grounds for relief in a § 2255 motion.

Although it appears unlikely that Christiansen may challenge his conviction in a § 2241 petition, because he has not adequately explained his grounds for relief I won't dismiss this case. Instead, I'll give him a chance to file a brand-new amended petition explaining in detail (1) each of his specific grounds for relief; (2) the facts supporting those grounds; (3) why he believes that he could not have raised his grounds in a § 2255 motion. If Christiansen does not submit an amended petition by this deadline, I will dismiss the case in its entirety.

ORDER

IT IS ORDERED that petitioner may have until May 9, 2024, to submit an amended petition for habeas corpus as discussed in the opinion above.

Entered April 18, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge