IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT CHRISTIANSEN,

                Petitioner,

v.

WARDEN G. ROSENBERG,

                Respondent.

OPINION and ORDER

24-cv-64-jdp

---

    Robert Christiansen, proceeding without counsel, is a prisoner in the custody of the Federal Bureau of Prisons currently housed at the Federal Correctional Institution in Oxford, Wisconsin. Christiansen was convicted of attempted enticement of a minor to engage in illegal sexual acts and transportation of a minor with intent to engage in criminal sexual activity. *See United States v. Christiansen*, No. 3:17-CR-00677 (D.S.C.). He seeks a writ of habeas corpus under 28 U.S.C. § 2241. But his original petition did not comply with habeas pleading rules: his grounds for relief were too vague and he didn't explain why he couldn't have raised his grounds for relief in a motion under 28 U.S.C. § 2255 in the sentencing court. Dkt. 5. I gave him a chance to file an amended petition. *Id.*

    Now Christiansen has filed a series of documents that I will consider together as his amended petition. Dkt. 6 and attachments. Christiansen's grounds for relief are now clearer: he states that he didn't commit the crimes he was convicted of and that he pleaded guilty only after his appointed counsel failed to seek dismissal of the charges. Nonetheless, this court cannot grant him habeas relief under § 2241.

    As I explained in my previous order, in rare cases a prisoner can challenge his conviction or sentence with a § 2241 petition, instead of a § 2255 petition, through the so-called "savings

clause" contained in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255(e). But a prisoner may use the savings clause only if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *Id.* The circumstances in which the savings clause applies are narrow and "cover[] unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court" in a § 2255 motion. *Jones v. Hendrix*, 599 U.S. 465, 474 (2023) (giving examples such as the dissolution of the sentencing court).

Christiansen still doesn't explain why he couldn't have raised his grounds for relief in a § 2255 motion, other than to suggest that he can't do so now because it has been more than a year since his conviction. But a petitioner's own failure to file a timely § 2255 motion does not render § 2255 relief "inadequate or ineffective" under the savings clause. *See Poe v. LaRiva*, 834 F.3d 770, 772 (7th Cir. 2016) (Availability of § 2241 relief under the savings clause "generally requires a structural problem in § 2255 that forecloses even one round of effective collateral review, unrelated to the petitioner's own mistakes." (internal quotation omitted and alteration adopted)); *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("A prisoner cannot be permitted to lever his way into section 2241 by *making* his section 2255 remedy inadequate . . . ." (emphasis in original)). Because Christiansen cannot use the savings clause to obtain § 2241 relief, I will deny his habeas petition.

ORDER

IT IS ORDERED that:

1. Petitioner Robert Christiansen's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. The clerk of court is directed to enter judgment and close this case.

Entered May 16, 2024.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge